UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANI MARCELA DUARTE,<br><br>                    Petitioner,<br><br>         v.<br><br>JENNIFER CORE, Acting Warden,<br><br>                    Respondent. | Case No. 8:22-cv-01633-SSS-AJR<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The Court has considered Petitioner's Objections and conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objected.

The Report recommends the denial of the Petition and dismissal of this action with prejudice. [Dkt. 31]. Petitioner's objections to the Report [Dkt. 34] do not warrant a change to the Magistrate Judge's findings or recommendations.

As an initial matter, Petitioner objects that none of her claims are procedurally defaulted. [Dkt. 34 at 12]. In the interest of judicial economy,

-1-

however, Petitioner's claims are better resolved on the merits rather than on the issue of procedural default. [Dkt. 31 at 16 n.7].

Petitioner objects that the prosecutor failed to prove second-degree murder beyond a reasonable doubt and that appellate counsel was ineffective for failing to raise the issue. [Dkt. 34 at 12-15]. Petitioner alleges that she "sincerely never meant to injure anyone" and that she had not been "formally advised of the dangers of drinking and driving." *Id*. at 13-14. The state court's rejection of these claims was not objectively unreasonable. The evidence was sufficient for a jury to find implied malice. The evidence showed that, while heavily intoxicated, Petitioner drove her car at a high rate of speed, striking a vehicle stopped at a red light, causing the vehicle to strike a pole and catch fire, resulting in the deaths of three of the four persons inside. [Dkt. 20-15 at 12]. Moreover, Petitioner had previously been arrested in 2016 for driving while under the influence and had previously cautioned others on her social media account not to drink and drive, yet engaged in precisely that same behavior on the day of the fatal collision despite her awareness of the dangers. *Id*. And because this issue is meritless, Petitioner's appellate counsel could not have been ineffective for failing to raise it on appeal. *Id*.

Petitioner objects that the trial court violated due process by admitting evidence of her 2016 DUI arrest and that appellate counsel was ineffective for failing to raise the issue. [Dkt. 34 at 15-19]. Federal habeas relief is unavailable for the claim of evidentiary error because of the absence of clearly established federal law by the United States Supreme Court that the admission of irrelevant or overtly prejudicial evidence constitutes a due process violation. [Dkt. 31 at 36 (citing *Holley v . Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009).]. Moreover, the state court reasonably found that appellate counsel was not ineffective for failing to argue on appeal that the evidence should not have been admitted. That issue would have been meritless on appeal because

evidence of Petitioner's 2016 DUI arrest was relevant to the issue of her subjective awareness that driving under the influence is wrong and has consequences, and because the trial court gave a limiting instruction on the use of the evidence. [Dkt. 20-15 at 16-17].

Petitioner objects that the trial court violated due process by failing to instruct the jury on foreseeability and that her trial and appellate counsel were ineffective for failing to raise the issue. [Dkt. 34 at 19-22]. The state court's rejection of these claims was not objectively unreasonable. Petitioner failed to show instructional error because the proposed instruction on foreseeability was already encompassed within the instruction defining murder with malice aforethought that was given to the jury. [Dkt. 20-15 at 21]. A criminal defendant is not "entitled to an instruction that merely duplicates what the jury has already been told." *United States v. Lopez-Alvarez*, 970 F.2d 583, 597 (9th Cir. 1992). Moreover, Petitioner's trial and appellate counsel were not ineffective for failing to raise meritless arguments about the necessity for this duplicative instruction. [Dkt. 20-15 at 21-23].

Petitioner objects that newly-discovered evidence showed that she did not cause the deaths of the victims and that trial counsel was ineffective for failing to raise the issue. [Dkt. 34 at 22-25]. Petitioner alleges that the evidence, purportedly showing a faulty gas tank on the victims' car, was the cause of their deaths. *Id*. at 22. The state court's rejection of these claims was not objectively unreasonable. Even if it assumed, for purposes of argument, that federal habeas relief is available for a claim of actual innocence, evidence of a gas tank defect does not alter the conclusion that it was Petitioner's actions that were the proximate cause of the fatal collision. [Dkt. 20-15 at 25-26]. Moreover, because the evidence would not establish actual innocence, trial counsel was not ineffective for failing to investigate the issue. *Id*. at 26.

  Petitioner objects that the prosecutor committed misconduct in his remarks during closing argument and that trial and appellate counsel were ineffective for failing to raise the issue. [Dkt. 34 at 25-31]. The state court's rejection of these claims was not objectively unreasonable. The prosecutor's remark about reasonable doubt – "I am not required to eliminate all possible or imaginary doubt, and I don't have to prove this case by 100 percent certainty" [Dkt. 20-2 at 491] – was not prejudicial misconduct because reasonable doubt does not require elimination of all possible or imagined doubt and because the trial court properly instructed the jury on reasonable doubt. [Dkt. 20-15 at 30]. The prosecutor's remark that he was not required to show Petitioner had been afforded warning under *People v. Watson*, 30 Cal. 3d 290 (1981), about the consequences of driving under the influence – "I don't have to prove that I have to notify people they could be charged with the consequences" [Dkt. 20-2 at 492] – was not misconduct but an accurate statement of the law. [Dkt. 20-15 at 30]. The prosecutor's remark that allegedly invited the jurors to talk to him – "I make myself available to any one of you whenever it's convenient" [Dkt. 20-2 at 515] – was not an improper implication of facts not in evidence. [Dkt. 20-15 at 30]. Moreover, because these remarks did not amount to misconduct, trial and appellate counsel were not ineffective for failing to raise these issues. *Id*. at 31.

  Petitioner objects that the cumulative effect of the errors in Grounds One to Five deprived her of due process and a fair trial. [Dkt. 34 at 31]. The state court's rejection of this claim was not objectively unreasonable. Because Petitioner has not established prejudicial error from any of these claims, there was no prejudice to accumulate. [Dkt. 20-15 at 33].

  Petitioner objects that the police deprived her of her right to silence under *Miranda v. Arizona*, 384 U.S.436 (1966), by questioning her after the car accident. [Dkt. 34 at 31-33]. The state court's rejection of this claim was not

objectively unreasonable.  Petitioner was not in custody because "a DUI investigation doesn't equal in custody for *Miranda* purposes."  [Dkt. 20-7 at 12].  Moreover, the interview lasted only one hour, a sizeable part of that time was spent on medical intervention, the interview was in an open area, only one officer interacted with Petitioner at any given time, Petitioner was never restrained or handcuffed, Petitioner was never told she had to answer questions or take a field sobriety test, and the officers did not dominate the interview.  *Id*. at 12-14.

Petitioner objects that the prosecutor committed misconduct by relying on an unpublished decision to argue for exclusion of statistical defense evidence about the rarity of DUI fatalities, and that the trial court erred in excluding the evidence.  [Dkt. 34 at 33-36].  The state court's rejection of these claims was not objectively unreasonable.  Although the prosecutor should not have relied on an unpublished decision, the incident did not infect the entire trial with unfairness.  [Dkt. 20-7 at 17].  Moreover, the state court found that the statistical evidence about the rarity of DUI deaths was properly excluded under Cal. Evidence Code § 352 because its probative value was substantially outweighed by the risk of undue consumption of time, undue prejudice, confusion of the issues, and misleading the jury.  *Id*. at 20-21.  Federal habeas relief is unavailable for this claim because "the Supreme Court has not 'squarely addressed' whether an 'evidentiary rule requiring a trial court to balance factors and exercise its discretion' to exclude evidence . . . itself violates a defendant's 'right to present a complete defense.'"  *Sherman v. Gittere*, 92 F.4th 868, 880 (9th Cir. 2024) (quoting *Moses v. Payne*, 555 F.3d 742, 758 (9th Cir. 2009)).

Petitioner objects that the California Court of Appeal unreasonably upheld the trial court's post-trial refusal to release juror identifying information, based on a juror's letter expressing her struggle to reach a decision.  [Dkt. 34 at 37-38].  The state court's rejection of this claim was not objectively

unreasonable. "First and foremost, [Petitioner] was not entitled under clearly established federal law either to juror contact information or to an evidentiary hearing on his claim of juror misconduct. [Petitioner] identifies no Supreme Court decision addressing a defendant's entitlement to written discovery upon suggestion of juror misconduct." *Pha v. Swarthout*, 658 F. App'x 849, 850-51 (9th Cir. 2016). Moreover, in any event, Petitioner did not show good cause for release of the information because the letter merely expressed normal feelings of difficulty in reaching a decision, not juror intimidation or similar misconduct. [Dkt. 20-7 at 24-25].

Having completed this review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

**IT IS ORDERED** that Judgment be entered **DENYING** the Petition on the merits and dismissing this action **WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on the parties at their addresses of record.

DATED: December 4, 2024

_____
SUNSHINE S. SYKES
United States District Judge